**Barbara A. FEIMSTER,**
**Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General United States Postal Service,**
**Defendant–Appellee.**

**No. 01–1753.**

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

*ORDER*

Barbara A. Feimster, a Michigan resident proceeding pro se, appeals a district court judgment dismissing her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3 and 16. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 12, 1999, Feimster filed a complaint against William J. Henderson, former United States Postmaster General. Feimster alleged that on February 24,

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1995, she voluntarily resigned from her position as a United States Postal Service Priority Mail Clerk. Feimster subsequently sought reinstatement to her former position, but her request was denied. According to Feimster, the denial of her request for reinstatement was retaliatory because she had previously engaged in Equal Employment Opportunity activity.

Henderson filed a motion for summary judgment, to which Feimster responded. A magistrate judge filed a report recommending that Henderson's motion be granted. Over Feimster's. objections, the district court accepted the magistrate judge's report and recommendation, granted Henderson's motion for summary judgment, and dismissed the case. Feimster has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Title VII retaliation cases are analyzed in accordance with the burden-shifting analysis espoused in *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 343 (6th Cir.1998). The plaintiff must first prove a prima facie case of retaliation. *Burdine*, 450 U.S. at 252–53, 101 S.Ct. 1089; *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. In order to establish a prima facie case of retaliation, the plaintiff must show that: 1) she engaged in protected activity; 2) her employer knew of the protected activity; 3) she was subjected to an "adverse employment action"; and 4) a causal connection exists "between the pro-

tected activity and the adverse employment action." *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir.1999); *see also Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir.1987).

Once the plaintiff proves a prima facie case of retaliation, the burden shifts to the defendant to produce "some legitimate, nondiscriminatory reason" for the adverse employment action. *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089 (quoting *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817); *see also Wrenn*, 808 F.2d at 501. If the defendant is able to establish a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere pretext for unlawful retaliation. *See Burdine*, 450 U.S. at 253, 101 S.Ct. 1089; *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817; *Wrenn*, 808 F.2d at 501.

Upon review, we conclude that the district court properly granted summary judgment in favor of Henderson. *See Kincaid*, 236 F.3d at 346. Feimster failed to establish a prima facie case of retaliation and, in any event, failed to present evidence that the legitimate non-discriminatory reasons presented by Henderson for denying her request for reinstatement were pretextual. *See Burdine*, 450 U.S. at 252–53, 101 S.Ct. 1089; *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.